**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NORTH ELECTRIC COMPANY, Inc., Respondent.**

**No. 20211.**

United States Court of Appeals,
Sixth Circuit.

Nov. 3, 1970.

Julius Rosenbaum, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Attys., N. L. R. B., Washington, D. C., on the brief, for petitioner.

John M. Arnold, Atlanta, Ga., Smith, Currie & Hancock, Atlanta, Ga., on the brief, for respondent.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and MURRAH, Senior Circuit Judge.[*]

## ORDER

This case is before the Court upon the application of the National Labor Relations Board for enforcement of its order against respondent, North Electric Company, Incorporated. The decision and order of the Board are reported at 176 N.L.R.B. No. 3, to which reference is made for a complete statement of facts.

The Trial Examiner held that respondent engaged in unfair labor practices within the meaning of § 8(a) (1) of the Act. He recommended a cease and desist order and the posting of the customary notice. He further found that the discharge of John Lewis was not discriminatory within the meaning of the Act.

By a two-to-one decision, with its Chairman disagreeing, the Board held that the discharge of Lewis was in violation of § 8(a) (3) and (1) of the Act and ordered reinstatement of Lewis with backpay.

We agree with the Trial Examiner and the Chairman of the Board that substantial evidence on the record as a whole does not support the finding of the Board as to § 8(a) (3) and (1) violation in the discharge of Lewis, but that substantial evidence supports the finding of § 8(a) (1) violation as set forth in detail in the decision of the Trial Examiner.

It is ORDERED that enforcement of that part of the order of the Board requiring the reinstatement of Lewis with backpay is denied. It is further ordered that enforcement be granted of that part of the Board's order recommended by the Trial Examiner relating to § 8(a) (1) violation. It is further ordered that no costs are allowed to either party. Each party will pay its own costs in the proceeding in this Court.